# EXHIBIT A

Case 1:25-cv-02295-RER-RML    Document 1-1    Filed 04/25/25    Page 2 of 23 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

———————————————————————X

ASHRAF SALEH,                                    Index No.:

                Plaintiff,            **SUMMONS**

   -against-                                The basis of this venue is:
                            Plaintiff's address

JPMORGAN CHASE BANK, N.A.;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANS UNION, LLC,

                Defendants.

———————————————————————X

To the above-named defendant(s):

       YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of Kings at the office of the Clerk of said Court at 360 Adams Street, Kings County Civic Center, Brooklyn, NY 11201 in the County of Kings, State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: March 26, 2025

                                    _____

                                     Subhan Tariq, Esq.
                                     Tariq Law PC
                                     Attorney for Plaintiff
                                     99 Park Avenue, Suite 1100
                                     New York, NY 10016
                                     Tel: (212) 804-9095

1

Case 1:25-cv-02295-RER-RML    Document 1-1    Filed 04/25/25    Page 3 of 23 PageID #: 9

NOTE: The laws or rules of court provide that:

a) If this summons is served by its delivery to you personally, you must appear and answer within TWENTY days after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served by any alternative method permissible under the CPLR, you must appear and answer within THIRTY days after such service.

Defendants' addresses:

JPMorgan Chase Bank, N.A.
1111 Polaris Parkway
Columbus, OH 43240

Equifax Information Services, LLC
1550 Peachtree Street NW
Atlanta, GA 30309

Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA 92626

Trans Union, LLC
1510 Chester Pike
Crum Lynne, PA 19022

2

Case 1:25-cv-02295-RER-RML    Document 1-1    Filed 04/25/25    Page 4 of 23 PageID #: 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
———————————————————————X

ASHRAF SALEH,                                                    Index No.:

      Plaintiff,

      v.                                              **VERIFIED COMPLAINT**

JPMORGAN CHASE BANK, N.A.,
EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and TRANS UNION, LLC,

      Defendants.
———————————————————————X

By and through the undersigned counsel, Plaintiff Ashraf Saleh ("Plaintiff"), with knowledge as to his acts and investigation of counsel as to the acts of others, believing that further investigation and discovery will confirm that such allegations have substantial evidentiary support, alleges as follows:

## PRELIMINARY STATEMENT

1. According to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the New York Fair Credit Reporting Act, NY General Business Law § 380 et seq. ("NY FCRA"), Plaintiff brings this action against JPMorgan Chase Bank, N.A., ("Chase"), Equifax ("Equifax", "CRA," or "CRA Defendant"), Experian Information Solutions, Inc. ("Experian," "CRA," or "CRA Defendant"), and Trans Union, LLC ("Trans Union" "CRA," or "CRA Defendant"), to recover actual, statutory, and punitive damages, as well as costs and attorney's fees and injunctive relief. Identity Theft is a significant issue impacting millions of consumers annually, causing devastating financial harm, emotional distress, and long-lasting damage to consumers credit profiles. Recognizing these impacts,

the FCRA imposes strict obligations on furnishers and credit reporting agencies to investigate and remove fraudulent information promptly and accurately upon receiving consumer disputes. Defendants have systematically failed to fulfill these obligations.

2. Congress enshrined within the FCRA the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." § 1681(a)(4).

3. Moreover, Congress has plainly stated the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." § 1681(b).

4. Similarly, courts have stated that the purpose of the FCRA is to address the "serious problem in the credit reporting industry. . . of inaccurate or misleading information." *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 142 (E.D.N.Y., 2017) (internal quotation marks and emphasis omitted); *see also, e.g., Porter v. Talbot Perkins Children's Servs.*, 355 F. Supp. 174, 176 (S.D.N.Y., 1973) (noting that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . . ") (citing 116 Cong. Rec. 36572 (1970)).

5. The Consumer Financial Protection Bureau ("CFPB") has explicitly stated that credit reporting agencies and furnishers must not merely defer to each other's assertions without conducting independent and substantive reinvestigations. Defendants' actions here exemplify the precise misconduct these regulatory guidelines aim to prevent.

2

Case 1:25-cv-02295-RER-RML    Document 1-1    Filed 04/25/25    Page 6 of 23 PageID #: 12

6. As set forth herein, Defendants Chase, Equifax, Experian, and Trans Union denied Plaintiff the protections provided by the FCRA and NY FCRA concerning two Chase Bank accounts transactions, associated with account numbers 414720265701**** and 414720265702, (hereinafter referred to as the "fraudulent Chase accounts transactions").

7. On November 27, 2024, Plaintiff, through a dispute letter addressed to CRA Defendants, informed CRA Defendants that they were reporting the fraudulent Chase accounts transactions on Plaintiff's Equifax, Experian, and Trans Union credit reports. Nevertheless, they continued to report the fraudulent Chase account transactions on Plaintiff's Equifax, Experian, and Trans Union credit reports.

8. For the sake of clarity, the chronological timeline of events that ensued following the first dispute letter initiated by Plaintiff is summarized below:

| Dispute Description | Date of Dispute | Recipient | Response Date | Result |
|---|---|---|---|---|
| **Initial Dispute:** The fraudulent Chase accounts transactions were reported due to stolen wallet and Chase cards in China. Plaintiff requested for removal of the same from the credit report and along with his dispute letter attached the FTC Identity Theft Affidavit | November 27, 2024 | Trans Union | December 11, 2024 | Incorrectly verified the fraudulent Chase accounts transactions as accurate |
| **Initial Dispute:** The fraudulent Chase accounts transactions were reported due to stolen wallet and Chase cards in China. Plaintiff requested for removal of the same from | November 27, 2024 | Equifax | December 21, 2024 | Incorrectly verified the fraudulent Chase accounts transactions as accurate |

3

INDEX NO. 510089/2025
RECEIVED NYSCEF: 03/26/2025

| | | | | |
|---|---|---|---|---|
| the credit report and along with his dispute letter attached the FTC Identity Theft Affidavit | | | | |
| **Initial Dispute:** The fraudulent Chase accounts transactions were reported due to stolen wallet and Chase cards in China. Plaintiff requested for removal of the same from the credit report and along with his dispute letter attached the FTC Identity Theft Affidavit | November 27, 2024 | Experian | January 02, 2025 | Incorrectly verified the fraudulent Chase accounts transactions as accurate |
| **Second Dispute:** Reiterated Identity Theft claim from the China incident, attached FTC Affidavit again | January 01, 2025 | Equifax | January 13, 2025 | Incorrectly verified the fraudulent Chase accounts transactions as accurate |
| **Second Dispute:** Reiterated Identity Theft claim from the China incident, attached FTC Affidavit again | January 01, 2025 | Trans Union | No response received | No response received (non-compliant) |
| **Second Dispute:** Reiterated Identity Theft claim from the China incident, attached FTC Affidavit again | January 01, 2025 | Experian | No response received | No response received (non-compliant) |

9. Despite Plaintiff's multiple disputes, CRA Defendants did not correct the fraudulent Chase accounts transactions that they are reporting. Upon information and belief, CRA Defendants continue to report fraudulent Chase accounts transactions as belonging to Plaintiff.

4

Case 1:25-cv-02295-RER-RML   Document 1-1   Filed 04/25/25   Page 8 of 23 PageID #:
14

10. Chase is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct reasonable investigations of Plaintiff's disputes of the fraudulent Chase accounts transactions reporting on Plaintiff's credit reports with Equifax, Experian, and Trans Union;

    b. failing to review all relevant information provided to Chase by CRA Defendants concerning Plaintiff's disputes; and

    c. failing to promptly modify, delete, or permanently block any and all disputed information about the fraudulent Chase accounts transactions on Plaintiff's credit file with the CRA Defendants that Chase could not affirmatively verify as accurate.

    d. upon information and belief, Chase's internal fraud detection systems had or should have had clear alerts or notations indicating the disputed fraudulent Chase accounts transactions as suspicious or unauthorized, thereby making its subsequent verification to CRAs grossly negligent or willful.

11. Similarly, the CRA Defendants are liable to Plaintiff for violation of several provisions of § 1681i of the FCRA due to its acts and omissions, including, but not limited to, the following:

    a. failing to (i) conduct reasonable investigations of the fraudulent Chase accounts transactions to determine whether the information Plaintiff disputed was accurate, and (ii) record the correct status of the fraudulent Chase accounts transactions, in violation of § 1681i(a)(1);

5

b.  failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes about the fraudulent Chase accounts transactions, in violation of § 1681i(a)(4); and

c.  failing to promptly update the disputed fraudulent Chase accounts transactions tradeline on Plaintiff's credit file despite the fact that CRA Defendant could not have affirmatively verified the fraudulent Chase accounts transactions as accurate upon a lawful reinvestigation of Plaintiff's disputes, in violation of § 1681i(a)(5).

d.  despite receiving comprehensive dispute documentation, including an FTC Identity Theft Affidavit, CRA Defendants systematically disregarded or superficially reviewed Plaintiff's detailed submissions, relying exclusively or predominantly on Chase's flawed verifications.

12. As a direct and proximate result of each CRA Defendant's negligent and willful actions, conduct, and omissions, Plaintiff suffered actual damages, cognizable under the FCRA. Such damages include but are not necessarily limited to the following: impediments to Plaintiff's ability to seek credit, damage to Plaintiff's reputation for creditworthiness, emotional distress, embarrassment, aggravation, and frustration.[1]

13. Defendants demonstrated a reckless disregard for Plaintiff's rights under the FCRA, despite receiving multiple disputes, government-certified identity theft affidavits, and clear documentary evidence. Their failure to investigate and correct the fraudulent information was not merely negligent, but a systemic and willful failure to comply with statutory

---

[1] Plaintiff may have also suffered direct credit harm due to Defendants' violations of the FCRA and NY FCRA. Plaintiff intends to inquire into the extent of direct credit harm he may have suffered through discovery from Defendant and third-parties.

Case 1:25-cv-02295-RER-RML    Document 1-1    Filed 04/25/25    Page 10 of 23 PageID #: 16

obligations, and therefore, due to each Defendant's willful violations of the FCRA, Plaintiff is entitled to an award of punitive damages.

14. Defendants Chase, Equifax, Experian, and Trans Union each have been subject to numerous prior lawsuits, regulatory actions, consent orders, and settlements concerning similar violations of FCRA provision, evidencing a systemic problem and placing Defendants on clear notice regarding their obligations and the harms their failures cause.

## PARTIES

15. Plaintiff is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)) and NY FCRA (NY GBL § 380-a(b)). Plaintiff resides at Brooklyn, NY.

16. Chase is a bank that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 1111 Polaris Parkway, Columbus, OH 43240.

17. Chase is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.).

18. Equifax, Experian, and Trans Union are a consumer reporting agency as defined by the FCRA (15 U.S.C. § 1681a(f)) and the NY FCRA (GBL § 380-a(e)).

## FACTUAL ALLEGATIONS

19. In 2024, Plaintiff ran his Equifax, Experian, and Trans Union credit reports and noticed that Defendant Chase was reporting the fraudulent Chase accounts transactions on Plaintiff's Equifax, Experian, and Trans Union credit reports.

20. Upon information and belief, Chase's purported investigation did not include essential steps such as analyzing transaction patterns for abnormal spending, checking IP addresses or locations from which the fraudulent Chase accounts transactions were initiated, or

requesting further details from Plaintiff to verify his whereabouts during the fraudulent Chase accounts transactions.

21. Chase further violated its obligations by failing to provide Plaintiff with timely and adequate written notice explaining the reversal of provisional credit, as required by Regulation E (12 CFR § 1005.11(d)). This left Plaintiff unaware of the basis for Chase's decision and unable to challenge the reversal effectively.

22. However, Plaintiff was the victim of identity theft while in China, where his wallet and phone were stolen, including his three Chase credit cards. An unknown individual(s) used these stolen cards to make the unauthorized fraudulent Chase accounts transactions.

23. As a result, on or around November 27, 2024, Plaintiff completed and filed a notarized FTC Identity Theft Victim's Complaint and Affidavit. Plaintiff reported the fraudulent Chase accounts transactions as account transactions that were fraudulently made. Plaintiff also expressed his willingness to work with law enforcement in any investigation regarding his identity theft.

24. Following Plaintiff's disputes, Defendant Chase, Equifax, Experian, and Trans Union failed to perform FCRA-required reasonable investigations. As such, Defendant Chase unlawfully verified the fraudulent Chase accounts transactions as belonging to Plaintiff and CRA Defendants, in turn, continued to report incorrect, and therefore unverifiable, fraudulent Chase accounts transactions on (a) Plaintiff's credit reports and, upon information and belief, (b) consumer reports about Plaintiff that CRA Defendants prepared and distributed to third-parties.

25. Defendant Chase, Equifax, Experian, and Trans Union published the fraudulent Chase accounts transactions to third parties, falsely portraying Plaintiff as a poor credit risk. These

Case 1:25-cv-02295-RER-RML    Document 1-1    Filed 04/25/25    Page 12 of 23 PageID #: 18

publications defamed Plaintiff, thereby (a) giving creditors and/or potential creditors the false impression that Plaintiff was a poor credit risk, (b) impugning Plaintiff's reputation and character, and (c) causing Plaintiff to suffer substantial emotional distress. As such, Plaintiff has suffered concrete and particularized injuries under the FCRA such that Plaintiff has Article III standing to bring claims under the FCRA.

26. According to Plaintiff's Equifax, Experian, and Trans Union credit report, dated February 4, 2025, there is an inquiry on each of Plaintiff's credit files with Equifax, Experian, and Trans Union. Specifically, there was a dissemination of inaccurate credit information, regarding the fraudulent Chase accounts transactions, reported on Plaintiff's Equifax, Experian, and Trans Union credit report to Capital One, N.A. (on December 4, 2024).

27. Furthermore, according to Plaintiff's Equifax credit report, dated February 4, 2025, there are two (2) inquiries on Plaintiff's credit file with Equifax. Specifically, there was a dissemination of inaccurate credit information, regarding the fraudulent Chase accounts transactions, reported on Plaintiff's Equifax credit report to Citibank N.A. (on December 4, 2024 and February 4, 2025).

28. Notably, Plaintiff filed the present action on March 25, 2025. Therefore, derogatory and defamatory credit information was disseminated to third parties before the present action was filed. The CRA Defendants know the exact number of such instances of disseminations in the past year since the fraudulent Chase accounts transactions began reporting on Plaintiff's credit report. Plaintiff intends to explore the topic further in discovery in this matter.

29. In a recent Opinion and Order barely six months old, the Southern District of New York has held that "[i]n the context of FCRA claims, courts have held that denials of credit and

Case 1:25-cv-02295-RER-RML    Document 1-1    Filed 04/25/25    Page 13 of 23 PageID #: 19

reputational damage are concrete injuries sufficient to confer Article III standing." *See* McTague v. Chase Bank, 2024 U.S. Dist. LEXIS 165060, at *5 (S.D.N.Y. Sep. 13, 2024). In McTague, defendant argued that plaintiff did not have standing to sue and the court agreed because plaintiff did not "include any factual allegations that he was denied credit, experienced reputational damage, or that he experienced any other concrete consequences." *Id*. at *6.

30. However, in the present matter, on or around February 2025, Plaintiff applied for and was denied credit by Citi, specifically for a Citi Strata Premier Mastercard, due to the inaccurate credit information, regarding the inaccurate fraudulent Chase account transactions, reporting on Plaintiff's Equifax credit report.

***Equifax, Experian, and Trans Union reported (and are likely still reporting) the fraudulent Chase accounts transactions tradelines on Plaintiff's Equifax, Experian, and Trans Union credit reports***

31. CRA Defendants have reported and likely continue to report a tradeline for the fraudulent Chase accounts transactions on the Plaintiff's Equifax, Experian, and Trans Union credit reports.

***Plaintiff's Disputes***

***Equifax, Experian, and Trans Union Disputes and Dispute Results***

32. By letter dated November 27, 2024, Plaintiff wrote to CRA Defendants to dispute the fraudulent Chase accounts transactions that CRA Defendants were reporting on Plaintiff's Equifax, Experian, and Trans Union credit reports. Specifically, Plaintiff informed CRA Defendants of the following: "I am contacting you about the fraud that happened with me in China. My wallet and phone was stolen along with my 3 chase cards. Fraud used up the

10

card. I notified chase bank, they removed the balance then put it right back on. I have attached the Victim Of Id Theft Booklet . . . The following card balances do not belong to me and are a result of fraud that I did not authorize." Plaintiff also requested that CRA Defendants remove the fraudulent Chase accounts transactions from Plaintiff's Equifax, Experian, and Trans Union credit reports. Plaintiff attached his FTC Identity Theft Victim's Complaint and Affidavit with his November 27, 2024 letters. Plaintiff's November 27, 2024 dispute letters were sent via certified mail.

33. Plaintiff received dispute results from Equifax, Experian, and Trans Union, dated December 21, 2024, January 2, 2025, and December 11, 2024, respectively. CRA Defendants dispute results unlawfully verified that the fraudulent Chase accounts transactions were correctly reported as belonging to Plaintiff.

34. By letter dated January 1, 2025, Plaintiff once again wrote to CRA Defendants to dispute the fraudulent Chase accounts transactions on Plaintiff's Equifax, Experian, and Trans Union credit reports. Specifically, Plaintiff informed CRA Defendants of the following: "I am contacting you about the fraud that happened with me in China. My wallet and phone was stolen along with my 3 chase cards. Fraud used up the card. I notified chase bank, they removed the balance then put it right back on. I have attached the Victim Of Id Theft Booklet . . . The following card balances do not belong to me and are a result of fraud that I did not authorize." Plaintiff also once again requested that CRA Defendants remove the fraudulent Chase accounts transactions from Plaintiff's Equifax, Experian, and Trans Union credit reports. Plaintiff once again attached his FTC Identity Theft Victim's Complaint and Affidavit with his January 1, 2025 letters. Plaintiff's January 1, 2025 dispute letters were sent via certified mail.

35. Plaintiff received dispute results from Experian dated January 13, 2025. Experian's dispute results unlawfully verified that the inaccurate fraudulent Chase accounts transactions were correctly reporting.

36. However, Plaintiff did not receive a response from Experian and Trans Union. However, Experian and Trans Union continued to report the inaccurate fraudulent Chase accounts transactions on Plaintiff's Experian and Trans Union credit reports – according to Plaintiff's Experian and Trans Union credit reports dated February 4, 2025.

*Damages*

37. Because of Defendant Chase's, Equifax's, Experian's, and Trans Union's misconduct, Plaintiff suffered actual damages cognizable under the FCRA and NY FCRA.

38. Due to Defendant Chase's, Equifax's, Experian's, and Trans Union's inaccurate credit reporting, Plaintiff has been required to expend substantial time, resources, and emotional energy attempting to rectify his damaged credit reputation.

39. Moreover, Plaintiff will explore in discovery the extent to which the inaccurate reporting caused him credit harm in the form of credit denials and/or other adverse actions concerning existing credit.

40. Upon information and belief, Chase has a documented internal practice or policy of inadequately investigating disputes involving unauthorized transactions. Instead, it routinely shifts liability to consumers in violation of federal law. This internal practice has led to multiple consumer complaints, regulatory actions, and settlements, indicating a pattern of disregard for statutory obligations.

41. In addition, the inaccurate fraudulent Chase accounts transactions reported by CRA Defendants has cost Plaintiff time, effort, and expense in pursuit of corrected credit reports.

42. Defendant Chase's, Equifax's, Experian's, and Trans Union's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable under the FCRA and NY FCRA, including but not necessarily limited to the following:

   a. Plaintiff suffered substantial emotional distress. Plaintiff's emotional distress has materially impacted his daily life, making routine financial decisions burdensome and causing strained personal relationships due to economic anxiety stemming from being wrongly labeled as financially irresponsible.

   b. Plaintiff was defamed by Defendant Chase, Equifax, Experian, and Trans Union, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness and impugned Plaintiff's reputation. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

   c. Plaintiff has experienced tangible harm to credit opportunities, including higher interest rates, outright denial of credits, or compromised limits, details of which will be explored and evidenced through discovery.

### FIRST CAUSE OF ACTION

**Violations of FCRA § 1681s-2(b) Against
Defendant Chase
(Furnisher of Information)**

43. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

44. FCRA § 1681s-2(b), in pertinent part, provides: "if an item of information disputed by a consumer is found [by a furnisher] to be inaccurate or incomplete *or cannot be verified* after any reinvestigation . . . for purposes of reporting to a consumer reporting agency only, [the furnisher shall] . . . , based on the results of the reinvestigation promptly— (i) modify

13

Case 1:25-cv-02295-RER-RML    Document 1-1    Filed 04/25/25    Page 17 of 23 PageID #: 23

that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information." § 1681s-2(b)(1)(E)(i) – (iii) (emphasis added).

45. Chase violated FCRA § 1681s-2(b) by its acts and omissions, including but not limited to:

    a.  failing to conduct a reasonable investigation of Plaintiff's disputes after receiving notice of those disputes from Equifax, Experian, and Trans Union;

    b.  failing to review all relevant information provided by Equifax, Experian, and Trans Union; and

    c.  failing to promptly modify, delete, or permanently block any information it could not affirmatively verify as accurate, in violation of § 1681s-2(b)(1).

46. Chase's systematic reversal of provisional credits without reasonable investigations or adequate consumer notification directly impacts consumer trust across the State of New York, undermining confidence in electronic banking and creating widespread harm. Reasonable consumers rely on timely, transparent dispute investigations and Chase's deceptive practices leave many unaware of their rights or remedies under the state or federal law.

47. Defendant Chase's internal guidelines, industry standards, and regulatory guidance clearly outline required steps for reinvestigating disputed accounts, especially involving identity theft. Based on information and belief, Chase knowingly disregarded these internally and industry-mandated guidelines.

48. Had Chase performed reasonable investigations required by the FCRA, it could not have verified that the fraudulent Chase accounts transactions reported by CRA Defendants belonged to Plaintiff. Nevertheless, Chase verified to CRA Defendants that the fraudulent Chase accounts transactions reported by CRA Defendants were reporting as accurate. In

Case 1:25-cv-02295-RER-RML Document 1-1 Filed 04/25/25 Page 18 of 23 PageID #: 24

so doing, Chase violated § 1681s-2(b).

49. Moreover, courts require furnishers and CRAs to conduct a reasonable investigation. It was held in Johnson v. MBNA Am. Bank, NA, 357 F.3d 426 (4th Cir. 2004), that simply verifying data without conducting an actual investigation is a violation. Therefore, keeping in view this caselaw, Chase's failure to conduct a reasonable inquiry is evident because it willfully verified the disputed fraudulent Chase accounts transactions without requesting additional documents, contacting Plaintiff for clarification, or considering Plaintiff's notarized FTC Identity Theft Affidavit.

50. Notably, in *Johnson*, the Fourth Circuit Court of Appeals reaffirmed the Eastern District of Virginia's judgment that "[t]he jury properly concluded that the bank did not conduct a reasonable investigation and awarded the consumer $ 90,300 in damages." Johnson v. MBNA Am. Bank, NA, 357 F.3d 426, 428 (4th Cir. 2004).

51. Because of Chase's FCRA violations, Plaintiff suffered actual damages cognizable pursuant to the FCRA.

52. Plaintiff has suffered significant stress, inconvenience, loss of time, anxiety, and distress over financial instability caused directly by Chase's actions. The distress has affected his ability to manage everyday financial obligations, impaired his financial planning, and caused emotional anguish over wrongful accusations implied by Chase's reversal of credit.

53. Chase's violations of § 1681s-2(b) were willful, rendering Chase liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

54. In the alternative, Chase's violations of § 1681s-2(b) were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees from Chase pursuant to §

15

Case 1:25-cv-02295-RER-RML    Document 1-1    Filed 04/25/25    Page 19 of 23 PageID #: 25

1681o.

## SECOND CAUSE OF ACTION

### Violations of FCRA § 1681i and § 1681c-2
### Against Defendants Equifax, Experian, and Trans Union
### (Consumer Reporting Agencies)

55. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

56. FCRA § 1681i(a)(1) requires a CRA to complete a reasonable reinvestigation of the accuracy of any item of information in a consumer's credit file that the consumer disputes to the CRA within 30 days of the dispute. Pursuant to § 1681i(a)(5), a CRA must "promptly delete [disputed] information from the file of the consumer, or modify [disputed] information, as appropriate" after completing its § 1681i(a)(1) reinvestigation if the CRA finds that the disputed information is "inaccurate or incomplete *or cannot be verified*." §§ 1681i(a)(1) and (a)(5) (emphasis added). Furthermore, "'the grave responsibility' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources." Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997).

57. Equifax, Experian, and Trans Union violated multiple sections of 15 U.S.C. § 1681i by their acts and omissions, including, but not limited to, the following:

a. failing to conduct a reasonable reinvestigation of Plaintiff's disputes to determine whether the disputed information was inaccurate and record the correct status or delete the items from Plaintiff's credit files in violation of § 1681i(a)(1);

b. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

16

Case 1:25-cv-02295-RER-RML    Document 1-1    Filed 04/25/25    Page 20 of 23 PageID #: 26

   c. failing to properly modify or delete disputed information on and/or from Plaintiff's credit files upon a lawful reinvestigation in violation of § 1681i(a)(5).

   d. Equifax, Experian, and Trans Union had independent obligations under federal regulations, including those promulgated by the Consumer Financial Protection Bureau (CFPB), to independently assess and reinvestigate disputed information rather than blindly accepting information from the furnishers like Chase.

58. Equifax, Experian, and Trans Union also violated §1681c-2 by failing to block information that Plaintiff identified as resulting from an alleged identity theft and, upon information and belief, failing to notify Chase that the information was required to be blocked, in violation of §1681c-2(b).

59. Had CRA Defendants reasonably investigated Plaintiff's disputes, CRA Defendants could not have verified that they were accurately reporting the fraudulent Chase accounts transactions as belonging to Plaintiff on Plaintiff's Equifax, Experian, and Trans Union credit reports. Nevertheless, following Plaintiff's disputes, Equifax, Experian, and Trans Union each verified and continued to report the fraudulent Chase accounts transactions on Plaintiff's Equifax, Experian, and Trans Union credit reports. In so doing, Equifax, Experian, and Trans Union violated § 1681i (and a corresponding provision of the NY FCRA).

60. Because of CRA Defendants' FCRA violations of § 1681i and § 1681c-2, Plaintiff suffered actual damages, including, but not limited to, loss of credit, damage to reputation, embarrassment, humiliation, anguish, and other emotional harm cognizable pursuant to the FCRA.

61. Violations of § 1681i and § 1681c-2 by CRA Defendants were willful, rendering CRA

Defendant liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

62. In the alternative, CRA Defendants' violations of § 1681i and § 1681c-2 were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees from CRA Defendants under § 1681o.

### **THIRD CAUSE OF ACTION**

**Violations of NY FCRA § 380-f and § 380-j**
**Against Defendants Equifax, Experian, and Trans Union**
**(Consumer Reporting Agencies)**

63. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

64. CRA Defendants violated multiple sections of the NY FCRA (NY GBL §§ 380-380-u) by their acts and omissions.

65. CRA Defendants violated the NY FCRA by:

a. failing to promptly and properly reinvestigate Plaintiff's disputes to determine whether the disputed information was inaccurate and record the correct status of the disputed information in violation of § 380-f(a);

b. failing to maintain reasonable procedures to assure maximum possible accuracy of information maintained in Plaintiff's credit files, in violation of § 380-j(a); and

c. failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of information in consumer reports that CRA Defendants distributed to third parties, in violation of § 380-j(e).

66. These violations of § 380-f and § 380-j were willful, considering that despite Plaintiff providing a notarized FTC Identity Theft Affidavit, Chase's internal fraud investigation

findings and supporting documentation, CRA Defendants continued to report the fraudulent Chase accounts transactions, therefore making CRA Defendants liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 380-l. Plaintiff is also entitled to injunctive relief restraining CRA Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

67. In the alternative, the CRA Defendants violations of §§ 380-f and 380-j were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 380-m.

68. Plaintiff is also entitled to injunctive relief restraining CRA Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding Plaintiff against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as, with regard to the CRA Defendants, NY GBL § 380-l and § 380-m;

19

Case 1:25-cv-02295-RER-RML    Document 1-1    Filed 04/25/25    Page 23 of 23 PageID #: 29

2. Ordering Equifax, Experian, and Trans Union to:

   a. immediately and permanently (i) delete and/or update all inaccurate information concerning the inaccurate fraudulent Chase accounts transactions from and/or on Plaintiff's credit reports and files, and (ii) cease reporting inaccurate information concerning the inaccurate fraudulent Chase accounts transactions to any and all persons and entities to whom the CRA Defendants reports consumer credit information;

   b. send updated and corrected consumer reports to all persons and entities to whom the CRA Defendants have reported inaccurate information about the inaccurate fraudulent Chase accounts transactions;

   c. implement and demonstrate compliance with reasonable and enhanced reinvestigation procedures, especially in identity theft cases, including mandatory staff training and audits for a defined compliance period of no less than three (3) years; and

   d. grant Plaintiff tradeline deletion of the fraudulent Chase accounts transactions.

3. Enjoining CRA Defendants from violating Plaintiff's NY FCRA rights; and

4. Such other and further relief as may be necessary, just, and proper.


Dated: March 26, 2025

Respectfully submitted,

_____
Subhan Tariq, Esq.
Tariq Law PC
**Attorney for Plaintiff**
99 Park Avenue, Suite 1100
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com